**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNIVERSITY OF COLORADO HEALTH | : | |
| AT MEMORIAL HOSPITAL, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.:    14-1220 (RC) |
| | : | |
| v. | : | Re Document Nos.:    65, 80 |
| | : | |
| SYLVIA M. BURWELL, Secretary, | : | |
| United States Department of | : | |
| Health and Human Services, | : | |
| | : | |
| Defendant. | : | |

<u>**MEMORANDUM OPINION**</u>

**GRANTING DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT HER ANSWER
TO THE FOURTH AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION FOR LEAVE TO
FURTHER SUPPLEMENT HER ANSWER TO THE FOURTH AMENDED COMPLAINT AND MOVE FOR
SUMMARY JUDGMENT OUT OF TIME; STAYING PROCEEDING**

## I. INTRODUCTION

Plaintiffs, a group of acute care hospitals (Hospitals), have challenged several regulations

governing outlier payment reimbursements under Medicare. Before the Court is the Secretary of

Health and Human Services's (Secretary) motion to supplement her answer with the affirmative

defense of preclusion based on *Banner Health v. Burwell*, 174 F. Supp. 3d 206 (D.D.C. 2016).

Also before the Court is the Secretary's motion to supplement her answer with the affirmative

defense of preclusion based on *Lee Memorial Health System v. Burwell*, --- F. Supp. 3d ---, No.

13-cv-643, 2016 WL 4687072 (D.D.C. Sept. 7, 2016) and to move for summary judgment out of

time on the same grounds. For the reasons discussed below, the Court concludes that the

Secretary's proposed amendments would not be futile and thus grants leave to supplement the

answer to include both defenses. Because the Secretary has shown good cause and the Hospitals

would not be prejudiced, the Court further grants the Secretary leave to move for summary

judgment out of time. Finally, having determined that the affirmative defense of preclusion is not

futile, the Court stays this action until the D.C. Circuit completes its review of *Banner Health*

and, if an appeal is taken, of *Lee Memorial*.[1]

## II. BACKGROUND

This case concerns the Hospitals' challenges to the Secretary's system for calculating

outlier payments under Medicare. In particular, the Hospitals challenge the "fixed loss threshold"

rulemakings for fiscal years (FY) 2007, 2008, 2011, and 2012. The parties dispute whether

Plaintiffs also challenge the 2003 amendments to the outlier payment regulations.[2] The Court

assumes familiarity with the facts and its previous opinions, *see generally* Mem. Op., ECF No.

57; Mem. Op., ECF No. 47, and focuses only on the most relevant background.

### A. Statutory background

Medicare is a federal program that provides health insurance to the elderly and the

disabled. *See* 42 U.S.C. §§ 1395 *et seq*. After hospitals provide covered care, they are reimbursed

through the Inpatient Prospective Payment System (IPPS). The IPPS provides reimbursements in

two ways. First, IPPS provides the lion's share of reimbursements at a fixed rate for each

category of service, aiming to thereby incentivize hospitals to reduce costs. *Lee Memorial Health*

*System v. Burwell*, --- F. Supp. 3d ---, No. 13-cv-643, 2016 WL 4687072, at *1–2 (D.D.C. Sept.

---

[1] "[P]laintiffs intend to appeal *Lee Memorial* . . . ." Pls.' Opp'n Def.'s Mot. Suppl. Answer 4th Am. Compl. Move Summ. J. Out of Time at 11 (Pls.' 2d Opp'n), ECF No. 82.

[2] Given that this opinion stays the proceeding, the Court does not resolve this issue. *See generally* Pls.' Mot. File 5th Am. Compl. Move Summ. J. Out of Time, ECF No. 81; Def.'s Opp'n Pls.' Mot. File 5th Am. Compl. Move Summ. J. Out of Time, ECF No. 83.

7, 2016). Second, hospitals' reimbursements may be supplemented with "outlier payments" to compensate for "patients whose hospitalization [is] extraordinarily costly or lengthy." *Cnty. of Los Angeles v. Shalala*, 192 F.3d 1005, 1009 (D.C. Cir. 1999). An outlier payment is triggered when cost of caring for a particular patient exceeds the fixed loss threshold (FLT), a dollar amount that the Secretary sets each year.[3] *Banner Health v. Sebelius*, 945 F. Supp. 2d 1, 8 (D.D.C. 2013), *vacated in part*, 2013 WL 11241368 (D.D.C. Jul. 30, 2013). The instant case challenges reimbursements under the FLTs for FYs 2007, 2008, 2011, and 2012. The outlier payment system is also governed by a set of overall regulations, codified at 42 C.F.R. § 412.84. These regulations are not updated every year, and the 2003 amendments apply to the reimbursements at issue here. 4th Am. Compl. at ¶ 29, ECF No. 41.

Setting the FLT is a complicated task. Congress has instructed the Secretary that outlier payments should constitute between five and six percent of total IPPS reimbursements. 42 U.S.C. § 1395ww(d)(5)(A)(iv). To this end, the Secretary sets the FLT for each upcoming year prospectively, so that "when tested against historical data, [it] will likely produce aggregate outlier payments totaling between five and six percent of projected . . . payments." *Cnty. of Los Angeles*, 192 F.3d at 1013. After setting the FLT, the Secretary then withholds the predicted total amount of outlier payments in advance from all other IPPS reimbursements, such that the hospitals are essentially sharing the risk of encountering unusually costly patients. *See* 42 U.S.C. § 1395ww(d)(3)(B). For example, in many recent years the Secretary has aimed to pay 5.1% of the total reimbursements in outlier payments, *see Banner Health v. Burwell*, 126 F. Supp. 3d 28,

---

[3] Once an outlier payment is triggered, the current reimbursement rate is 80% of the hospital's costs in excess of the threshold. 42 C.F.R. § 412.84(k). Although there are a few additional wrinkles in the calculation of outlier payments, they are not at issue in this litigation. *See generally Lee Memorial Health System v. Burwell*, --- F. Supp. 3d ---, No. 13-cv-643, 2016 WL 4687072, at *2 n.3 (D.D.C. Sept. 7, 2016).

42–43 (D.D.C. 2015), and has therefore prospectively reduced all non-outlier payments by 5.1%, *id*. at 43.

Because Medicare reimbursements—and the hospital-provided care that triggers them—are highly complex, the Secretary's predictions frequently differ from what actually transpires, and the actual outlier repayments are either higher or lower than the amount withheld. The Secretary need not take corrective action when the actual outlier payments vary from the projected values. *Dist. Hosp. Partners L.P. v. Burwell*, 786 F.3d 46, 51 (D.C. Cir. 2015). This creates competing incentives between hospitals and the Secretary—hospitals prefer a lower FLT, with the concomitant possibility that it will be "too low" and hospitals as a group will receive more in outlier payments than they lost in withholding; while the Secretary on the other hand, may prefer a higher FLT, because if the FLT is "too high" then the total outlier payments will be less than the amount the Secretary withheld to pay for them. If the mismatch between the Secretary's prediction and the actual outlier payments is small as a percentage of IPPS payments, it can still be large in magnitude due to the scale of Medicare. For example, in the period from FY 1997 to FY 2003, IPPS paid out more than $9 billion in excess of its projections. Pls.' Mem. P. & A. Supp. Mot. Summ. J. at 8, ECF No. 64. This motivated several reforms to the outlier payment system, including the 2003 amendments to the overall regulations. In the following years from FY 2004 to FY 2012, IPPS repeatedly paid out less than it projected in outlier payments, for a $6 billion shortfall. Pls.' Mem. Points Auth. Supp. Mot. Summ. J. at 2. This system sets the stage for claims like those at issue here, in which hospitals argue that the Secretary set the FLT too low, denying them outlier reimbursements they should have received.

### B. Parties and claims

Thirty-five hospitals are plaintiffs in this action,[4] and some of these hospitals were also

plaintiffs in *Banner Health v. Burwell*, 126 F. Supp. 3d 28 (D.D.C. 2015), and *Lee Memorial*, ---

F. Supp. 3d ---, No. 13-cv-643, 2016 WL 4687072 (D.D.C. Sept. 7, 2016). The Secretary asserts

that, because *Banner Health* and *Lee Memorial* involved challenges to some of the same FLTs at

issue here, the repeated plaintiffs should be precluded from challenging those FLTs in this case.

The Hospitals argue that, because this case involves the appeal of different *reimbursements*, the

overlap in the *FLTs* that governed those reimbursements is immaterial.

First, the Court discusses the context of the FLTs and reimbursements at issue as it relates

to the claims here and in the prior cases. In *Banner Health* and *Lee Memorial*, the hospitals

appealed different reimbursements than those at issue here, but reimbursements that were

governed by the same FLTs. Because the federal fiscal year ends on September 31, and

determines which FLT applies, one FLT will govern different sets of reimbursements. Pls.'

Opp'n Def.'s Mot. Suppl. 4th Am. Compl. Mem. P. & A. Suppl. at 2–3 (Pls.' 1st Opp'n), ECF

---

[4] The plaintiff-hospitals comprise the following thirty-five acute-care hospitals: University of Colorado at Memorial Hospital f/k/a Memorial Hospital of Colorado Springs, Banner Heart Hospital, Banner Baywood Medical Center, Banner Estrella Medical Center, Banner Gateway Medical Center, Banner Good Samaritan Medical Center, Banner Health f/b/o North Colorado Medical Center, Banner Health f/b/o McKee Medical Center, Banner Thunderbird Medical Center, Banner Desert Medical Center, Banner Mesa Medical Center, Banner Del E. Webb Medical Center, Banner Boswell Medical Center, Allina Health f/b/o Abbot-Northwestern Hospital, Allina Health f/b/o Buffalo Hospital, Allina Health f/b/o Cambridge Medical Center, Allina Health f/b/o Mercy Hospital, Allina Health f/b/o Owatonna Hospital, Allina Health f/b/o St. Francis Regional Medical Center, Allina Health f/b/o United Hospital, Allina Health f/b/o Unity Hospital, Lee Memorial f/b/o Gulf Coast Medical Center, Lee Memorial Hospital, Cape Coral Hospital, Charleston Area Medical Center, Denver Health Medical Center, Boulder Community Hospital, Halifax Community Health System a/k/a Halifax Medical Center, Sarasota Memorial Hospital, West Virginia University Hospitals, Valley View Hospital, Cabell Huntington Hospital, Good Samaritan Hospital Los Angeles, Parkview Medical Center, and Billings Clinic Hospital. *See generally* 4th Am. Compl., ECF No. 41.

67. For example, *Banner Health* involved reimbursements from October 1 to December 31,

2006, and those reimbursements were governed by the FY 2007 FLT. Pls.' 1st Opp'n at 10, ECF

No. 67. This case involves reimbursements from January 1 to September 30, 2007, which are

also governed by the FY 2007 FLT.[5] *See* Compl., ECF No. 1.

The plaintiff hospitals here, in *Banner Health,* and in *Lee Memorial* describe their claims in

nearly identical language as challenges to the Secretary's regulations.[6] They principally differ as to the

years involved, because each case arose out of the appeal of different reimbursements to the hospitals.

---

[5] This analysis applies for a hospital which uses January 1 to begin its own fiscal year. Because various hospitals use various dates, the actual picture may be somewhat more complicated, however, that discussion is not necessary here.

[6] In this case, the Hospitals requested "[t]hat this Court rule that the Secretary's regulations implementing the Outlier Statute and her application of same were, for the FYs here at issue, (A) in excess of statutory authority or limitations, or short of statutory right, (B) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (C) without observance of procedure required by law, and/or (D) unsupported by substantial evidence under the APA, 5 U.S.C. §§ 553 & 706; and [] [t]hat this Court enter an order (a) vacating the Outlier Regulations; and (b) remanding these appeals to the Secretary to (i) recalibrate and reset the FLTs for Hospitals' respective FYEs 2007, 2008 and 2011, (ii) permit the Hospitals to submit amended claims for Outlier Case Payments for their respective FYEs 2007, 2008 and 2011 at issue in accordance with the recalibrated FLTs, and (iii) re-determine and pay the amount of Outlier Case Payments, together with interest, due the Hospitals under the Outlier Statute." 4th Am. Compl. at 38, ECF No. 41.

In *Banner Health*, the plaintiffs sought, in addition to other relief, that the count "[f]ind the FLT Regulations for FYs 1998 through 2006 arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with the law." Am. Compl. at 56, *Banner Health v. Burwell*, 126 F. Supp. 3d 28 (D.D.C. 2015) (No. 10-1638), ECF No. 16.

In *Lee Memorial*, the plaintiffs sought "[t]hat this Court rule that the Secretary's regulations implementing the Outlier Statute and her application of same were, for the FYs here at issue, (A) in excess of statutory authority or limitations, or short of statutory right, (B) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (C) without observance of procedure required by law, and/or (D) unsupported by substantial evidence under the APA, 5 U.S.C. §§ 553 (c) & 706; and [] [t]hat this Court enter an order (a) vacating the Outlier Regulations; and (b) remanding these appeals to the Secretary to: (i) recalibrate and reset the FLTs for Hospital Plaintiffs' respective FYEs 2008 through 2011, (ii) permit the Hospital Plaintiffs to submit amended claims for Outlier Case Payments for their respective FYEs at issue

| The instant case | *Banner Health* | *Lee Memorial* |
|---|---|---|
| | FLTs for FYs 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006 | |
| FLT for FY 2007[7] | FLT for FY 2007 | |
| FLT for FY 2008[8] | | FLT for FY 2008 |
| | | FLTs for FYs 2009 and 2010 |
| FLT for FY 2011[9] | | FLT for FY 2011 |

in accordance with the recalibrated FLTs, and (iii) re-determine and pay the amount of Outlier Case Payments, together with interest, due the Hospital Plaintiffs under the Outlier Statute." 4th Am. Compl. at 38, *Lee Memorial*, --- F. Supp. 3d ---, 2016 WL 4687072 (D.D.C. Sept. 7, 2016) (No. 13-0643), ECF No. 65.

[7] Only seventeen of the plaintiff-hospitals here also challenged the FY 2007 FLT in *Banner Health*. Those seventeen hospitals are: Banner Heart Hospital, Banner Baywood Medical Center, Banner Estrella Medical Center, Banner Good Samaritan Medical Center, Banner Health f/b/o North Colorado Medical Center, Banner Health f/b/o McKee Medical Center, Banner Thunderbird Medical Center, Banner Desert Medical Center, Banner Mesa Medical Center, Allina Health f/b/o Abbott-Northwestern Hospital, Allina Health f/b/o Buffalo Hospital, Allina Health f/b/o Cambridge Medical Center, Allina Health f/b/o Mercy Hospital, Allina Health f/b/o United Hospital, Allina Hospital f/b/o Unity Hospital, Denver Health Medical Center, and West Virginia University Hospital. *See* Def.'s Reply Suppl. Mot. Suppl. Answer 4th Am. Compl. at 8 n.3 (Def.'s 1st Reply), ECF No. 68.

[8] Only four of the plaintiff-hospitals here also challenged the FY 2008 FLT in *Lee Memorial*. Those four hospitals are: Halifax Community Health System a/k/a Halifax Medical Center, Sarasota Memorial Hospital, Good Samaritan Hospital Los Angeles, and Billings Clinic Hospital. *See* Pls.' Opp'n Def.'s Mot. Suppl. Answer 4th Am. Compl. Move Summ. J. Out of Time at 8 (Pls.' 2d Opp'n) at 8, ECF No. 82. While the Secretary's proposed amended answer lists thirty-two hospitals it claims are precluded, without differentiating between the FY 2008 and FY 2011 FLTs, the Hospitals provide a detailed list, which this Court adopts, and to which the Secretary does not object. *Compare* Proposed Answer, ECF No. 80-1 at 7–8, *with* Pls.' 2d Opp'n at 8, ECF No. 82.

[9] Twenty-five of the plaintiff-hospitals here challenged the FY 2011 FLT in *Lee Memorial*. Those twenty-five hospitals are: University of Colorado Health at Memorial Hospital f/k/a Memorial Hospital of Colorado Springs, Banner Heart Hospital, Banner Baywood Medical Center, Banner Estrella Medical Center, Banner Gateway Medical Center, Banner Good Samaritan Medical Center, Banner Health f/b/o North Colorado Medical Center, Banner Health f/b/o McKee Medical Center, Banner Thunderbird Medical Center, Banner Desert Medical Center, Banner Del. E. Webb Medical Center, Banner Boswell Medical Center, Allina Health

|  | | |
|---|---|---|
| FLT for FY 2012 | | |
| 2003 amendments[10] | 2003 amendments | 2003 amendments |

## C. Procedural history

The Secretary has sought the leave of the Court to amend her answer to include the affirmative defense of preclusion as to the effects of both *Banner Health* and *Lee Memorial*, and also to move for summary judgment out of time on the preclusive effects of *Lee Memorial*.[11] *See generally* Def.'s Mot. Suppl. Answer 4th Am. Compl. Mem. P. & A. Supp. (Def.'s 1st Mot. Suppl.), ECF No. 65; Def.'s Mot. Suppl. Answer 4th Am. Compl. Move Summ. J. Out of Time Mem. Points Auth. Supp. (Def.'s 2d Mot. Suppl.), ECF No. 80. The Hospitals oppose both motions. Because the matter is ripe for decision, this Court proceeds to consider both motions.

---

f/b/o Abbott-Northwestern Hospital, Allina Health f/b/o Buffalo Hospital, Allina Health f/b/o Cambridge Medical Center, Allina Health f/b/o Mercy Hospital, Allina Health f/b/o Owatonna Hospital, Allina St. Francis Regional Medical Center, Allina Health f/b/o United Hospital, Allina Hospital f/b/o Unity Hospital, Charleston Area Medical Center, Denver Health Medical Center, Boulder Community Hospital, West Virginia University Hospitals, and Billings Clinic Hospital. Pls.' 2d Opp'n at 8, ECF No. 82. While the Secretary's proposed amended answer lists thirty-two hospitals it claims are precluded, without differentiating between the FY 2008 and FY 2011 FLTs, the Hospitals provide a detailed list, which this Court adopts, and to which the Secretary does not object. *Compare* Proposed Answer, ECF No. 80-1 at 7–8, *with* Pls.' 2d Opp'n at 8.

[10] The parties dispute whether the instant case includes a challenge to the 2003 amendments. *See generally* Pls.' Mot. File 5th Am. Compl. Move Summ. J. Out of Time, ECF No. 81; Def.'s Opp'n Pls.' Mot. File 5th Am. Compl. Move Summ. J. Out of Time, ECF No. 83. Both *Banner Health* and *Lee Memorial* did involve such a challenge. *See Lee Memorial*, No. 13-cv-643, 2016 WL 4687072, at *10; *Banner Health*, 126 F. Supp. 3d at 36.

[11] The Secretary's first motion for summary judgment, *see* Def.'s Mot. Dismiss Summ. J., ECF No. 66, currently pending before the Court, already includes arguments as to the preclusive effect of *Banner Health. Id.* at 18–19.

### III.  LEGAL STANDARD

When a party seeks to amend a pleading outside of certain permitted time periods, it may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In this case, the Hospitals have not consented to either supplementation, and the decision is thus "committed to [the] district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The Federal Rules instruct that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This is a generous standard, although the Supreme Court has provided several examples of situations in which leave to amend should be denied: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Hospitals argue that both of the Secretary's proposed amendments would be futile. Pls.' 1st Opp'n at 7; Pls.' 2d Opp'n at 4–8. Courts in this circuit have held that affirmative defenses are futile when those defenses are "insufficient as a matter of law." *Attorneys Title Corp. v. Chase Home Mortg. Corp.*, 1996 U.S. Dist. LEXIS 11712 *5, 1996 WL 470375, at *2 (D.D.C. Aug. 12, 1996). Of course, at this stage the Court has no occasion to actually determine the merits of any preclusion claim, but it must determine whether it appears that it would be "futile" for Defendant to assert its proposed defenses.

### IV.  ANALYSIS

#### A.  Leave to Assert the Preclusive Effect of *Banner Health*

As a general matter, the Hospitals argue that *Banner Health* should not trigger claim preclusion or issue preclusion because neither would increase the "efficiency" of the action due

to the presence of non-precluded plaintiffs. *See* Pls.' 1st Opp'n at 14. The parties agree that not every plaintiff is precluded.[12] S*ee* Def.'s 1st Reply at 8 & n.3,. The Hospitals thus argue that preclusion will not improve efficiency because the Court will still need to resolve the claims of the non-precluded hospitals as to the FY 2007 regulation. Pls.' 1st Opp'n at 14; Pls.' Surreply Opp'n Def.'s Mot. Suppl. Answer 4th Am. Compl. at 10 (Pls.' Surreply), ECF No. 72. However, the Hospitals cite no authority for the proposition that a court may decline to apply preclusion due to a lack of efficiency. Nor have other courts in similar circumstances found such an obstacle to granting preclusion to some, but not all, plaintiffs. *See, e.g.*, *Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172, 176–77 (3d Cir. 1994) (allowing one plaintiff to proceed while precluding the other forty-eight plaintiffs). The Court thus does not find that potential lack of efficiency suffices to bar preclusion as on only a subset of the plaintiffs.

### 1. Claim Preclusion

The Secretary argues that claim preclusion should bar the seventeen affected hospitals[13] from challenging the "fiscal year [] 2007 outlier payment pursuant to the FY 2007 fixed loss threshold rulemaking" or arguing that "the Secretary erred in not attempting to account for reconciliation in [the FY 2007] fixed loss threshold rulemaking[]." Def.'s 1st Mot. Suppl. at 2; *see also* Def.'s 1st Reply at 2 n.1. "A subsequent lawsuit is barred by [claim preclusion] 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Alaska Forest Ass'n v. Vilsack*, 883 F. Supp. 2d 136, 141 (D.D.C. 2012) (internal quotation marks and citations omitted).

---

[12] *See supra* notes 7–9 for a list of hospitals potentially precluded from challenging each regulation.

[13] *See supra* note 4 for a list of hospitals.

The Hospitals argue that the Secretary's attempt to argue preclusion is futile, because the first element—that the same claim or cause of action be involved—is absent. The question thus turns on the proper definition of a claim or cause of action.

The Hospitals assert that each separate reimbursement, separately appealed to the Board, defines a claim. *See* Pls.' 1st Opp'n at 14. As discussed above, the reimbursements here did not overlap with those in *Banner Health*, although both sets relied on the FY 2007 regulation. *See* Pls.' 1st Opp'n at 10, ECF No. 67 ("*Banner Health* disposed of [the hospitals'] claims challenging outlier payment determinations from the three month period October 1–December 31, 2006. However, in the instant case, these same hospitals are challenging outlier payment determinations from the later nine month period, January 1–September 30, 2007. There is no overlap in claims . . . .").

The Secretary argues instead that any challenge to the same federal regulation, in this case the FY 2007 rule, is one claim. *See* Def.'s 1st Reply at 4 ("Plaintiffs' cause of action is not defined by the hospital fiscal year, as Plaintiffs contend. It is directed to the rulemaking that produced that threshold amount."). Thus, according to the Secretary, "[t]hat those Plaintiffs previously presented their challenge based on different cost reports . . . does not alter the key point that they already pursued, and lost, their challenge to the validity of the FY 2007 rule." Def.'s 1st Reply at 1. As discussed above, the Hospitals do not dispute that the FY 2007 rule was involved in the *Banner Health* case.

To resolve this dispute, the Court must consider the appropriate measure of a claim for preclusion purposes. "The District of Columbia, like the majority of jurisdictions, has adopted the Second Restatement's 'transactional' approach under which a 'cause of action,' for purposes of claim preclusion, comprises 'all rights of the plaintiff to remedies against the Secretary with

respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (citations omitted). Whether two claims are the same "turns on whether they share the same nucleus of facts." *NRDC v. EPA*, 513 F.3d 257, 261 (D.C. Cir. 2008) (quoting *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004)).

Under the precedents of the D.C. Circuit, claim preclusion applies here because the underlying challenge to the FY 2007 rule defines the claim. In *NRDC v. EPA*, the D.C. Circuit confronted an analogous situation. In its first suit, the NRDC unsuccessfully challenged EPA's 2005 final rule on methyl bromide, which was based on EPA's 2004 "Framework Rule" interpreting its responsibilities under the Montreal Protocol. *Id.* at 258–59. EPA then relied on the same Framework Rule to issue final rules on methyl bromide in 2006 and 2007. *Id.* at 259. The NRDC then challenged the 2007 rule, presenting somewhat different arguments as to the problems with the Framework Rule. *Id.* at 260–61. The D.C. Circuit held that this second suit was barred by claim preclusion because "NRDC's claim has not changed: in the first case it argued that the 2004 framework was invalid as adopted and applied to determine the 2005 exemption, and now it challenges the 2004 framework—which EPA left unchanged—as applied to determine the 2007 exemption." *Id.* at 258. The D.C. Circuit characterized the two cases as "simply offer[ing] different legal theories to support the same claim: that . . . the Framework Rule [was] unlawful. . . . NRDC doesn't get a second bite at that same apple." *Id.* at 261. This analysis clearly indicates that whether "the Framework Rule [was] unlawful" is the proper measure of NRDC's claim, not the challenge to each year's final rule. *Id.* The court held that the "nucleus of facts" was the same, because both claims were based on problems with the 2004 Framework Rule. *Id.*

That case governs this Court's decision here. The proper measure of the Hospitals' claim is that the FY 2007 rule is unlawful, and the Hospitals' challenge to the reimbursements for the subsequent year represents only "different legal theories" in support of that claim. *Id.* The Hospitals' objections to the reimbursements at issue here are still rooted in their objections to the FY 2007 rule, and as in *NRDC v. EPA*, "the underlying facts" have not changed. *Id.*

The Hospitals argue that claim preclusion should not apply because the Medicare regulations required the reimbursements to be appealed separately, and they could not be combined into the same case. *See* Pls.' 1st Opp'n at 4 ("[E]xcept in rare circumstances, hospitals are prohibited from combining appeals from different cost reports [and thus fiscal years] before the Board," which carries over into federal district court litigation because "the hospital has only 60 days to appeal [the agency's] decision in federal court."). It is well settled that claim preclusion does not bar a claim which could not have been brought in the earlier action. *See Faulkner v. Gov't Employees Ins. Co. (GEICO)*, 618 A.2d 181, 183 (D.C. 1992) ("If the two issues arise out of the same cause of action, however, the subsequent claim will be barred if the issue was actually litigated or if it could have been litigated in the prior proceeding" (citations omitted)); *North v. Walsh*, 881 F.2d 1088, 1093 (D.C. Cir. 1989) ("Even assuming *arguendo* that [plaintiff's] demand for documents under FOIA and his subpoena for the same documents . . . comprise the same 'claim,' claim preclusion does not bar [plaintiff's] present FOIA action because he could not have invoked FOIA during the grand jury proceeding."); Wright & Miller § 4412 (2002) ("It is clear enough that a litigant should not be penalized for failing to seek unified disposition of matters that could not have been combined in a single proceeding."). Assuming,

*arguendo*, that Plaintiffs' characterization is correct,[14] *NRDC v. EPA* still demands that

preclusion apply here. In *NRDC v. EPA*, it was clear that NRDC could not, as a practical matter,

bring its challenges to the 2007 final rule at the same time as its challenges to the 2005 final rule,

because the 2007 final rule did not yet exist. However, the D.C. Circuit's conclusion rested on

the fact that the challenge to the 2007 rule was not a separate *claim* but merely a new legal

theory. *NRDC*, 513 F.3d at 261. Similarly, here, the reimbursements for the second half of the

year are more akin to a new legal theory for challenging the FY 2007 FLT than to a new claim.

Nor is this approach contrary to the traditional maxim that claim preclusion does not bar

bringing later claims that were not available to be brought at the time of the previous claims. The

Hospitals' arguments that the FY 2007 FLTs violated the APA in a variety of ways were

available to be brought in the prior action, and in fact, were brought in the prior action. The crux

of the Hospitals' difficulties is that their challenges to the FY 2007 FLT are essentially the same

here. If the claims at issue in the present case actually hinged upon different transactions or facts

than the prior claims, for example, if the Secretary had committed a unique calculational error in

applying the FY 2007 FLT to the reimbursements at issue here but not to the reimbursements at

issue in the prior action, then they likely would not be precluded. However, a comparison of the

language in the Hospitals' complaints reveals that their claims in the two actions are essentially

the same, and both are based on flaws in the FY 2007 FLT as a whole rather than flaws in its

particular application to reimbursements from either late 2006 or early 2007. In *Banner Health*,

the plaintiffs alleged that "the Secretary created a system that was fraught with regulatory design

---

[14] The Hospitals characterize their claims as challenging each reimbursement under 42 U.S.C. § 1395oo(a)(1)(A)(i) rather than as a facial challenge under § 1395oo(a)(1)(A)(ii). Pls.' 1st Opp'n at 2 n.1. The Secretary, on the other hand, argues that the Hospitals' claim arises out of the APA "as incorporated into the Medicare statute" at § 1395oo(f). Def.'s 1st Reply at 3, ECF No. 68.

and implementation flaws," referring to creation of the FLT as a whole. *See* Am. Compl. ¶¶ 4–5, *Banner Health v. Burwell*, 126 F. Supp. 3d 28 (D.D.C. 2015) (No. 10-1638), ECF No. 16. In *Lee Memorial*, the plaintiffs similarly contended that "the Secretary's regulations implementing the Outlier Statute have consistently been contrary to both the intent of Congress and . . . the [APA]." *See* 4th Am. Compl. ¶¶ 3–4, *Lee Memorial*, --- F. Supp. 3d ---, 2016 WL 4687072 (D.D.C. Sept. 7, 2016) (No. 13-0643), ECF No. 65. Here, the plaintiffs use virtually-identical language to describe their issues with the FLT system. *Compare id.*, *with* Fourth Am. Compl. ¶ 3 ("[T]he Secretary's regulations implementing the Outlier Statute have consistently been contrary both to the intent of Congress and . . . to the [APA].").

In a two-sentence argument, the Hospitals also contended that, even if claim preclusion applies, the Secretary cannot assert it because the Secretary did not previously object to this case and *Banner Health* proceeding separately. *See* Pls.' 1st Opp'n at 15–16 ("[T]he general rule against claim splitting 'does not apply to extinguish the claim' when 'the defendant has acquiesced therein[.]'" (quoting Restatement (Second) Judgments § 26(1)(a) (1982)). However, as the Hospitals acknowledge, the D.C. Circuit has not adopted this view of "claim splitting" or the rule that they cite. Pls.' 1st Opp'n at 16 n.19; *see also Alaska Forest Ass'n*, 883 F. Supp. 2d at 145. Adopting such a rule would be an exception to the general rule against claim splitting. *See Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (noting the existence of a general rule against claim splitting). Moreover, at least one court in this district has suggested that the general rule against claim splitting applies in the absence of an affirmative agreement between the parties. In *Alaska Forest Association*, after citing the same sources as the Hospitals here, the court held that because "[t]here was no agreement, express or implied, by [the] defendants to allow [the plaintiff] to split its claims between [the other case] and the present

case, . . . there [was] no justification for estopping [the] defendants from advancing their *res judicata* defense." 883 F. Supp. 2d at 145. The court further held that "[a]bsent any agreement on splitting claims, [the plaintiff] does not get a second opportunity to bring claims that should have been brought earlier." *Id.* Given that there was no affirmative agreement on splitting claims here, the Hospitals' argument is inapplicable.

The Hospitals further argue that the Secretary is estopped from arguing for preclusion because she objected to the designation of the instant case as related to *Lee Memorial. See* Pls.' 1st Opp'n at 11–12 ("HHS has previously prevailed on an argument in this very Case that [the issues in *Lee Memorial*] w[ere] merely 'similar' and did 'not involve common factual issues or grow out of the same event or transaction.' . . . Having prevailed on that argument . . ., HHS now conveniently pivots to the precise opposite litigating position." (citations omitted)). The Court rejects this assertion for the reasons provided by the Secretary—simply, "the legal standards for designation of a related case and for res judicata are not the same." Def.'s 1st Reply at 6. *Compare* Local Civil Rule 40.5 (cases are related if they "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) invoke the validity or infringement of the same patent."), *with NRDC*, 513 F.3d at 261 (the test for claim preclusion "turns on whether [the claims] share the same nucleus of facts" (citations omitted)).

Because the Hospitals' challenge to the reimbursements at issue here are simply a new legal theory to support the Hospitals' claims against the FY 2007 rulemaking, the Court finds that the Secretary's preclusion argument would not be futile and grants the Secretary leave to supplement her answer to assert claim preclusion.

2.   Issue Preclusion

The Secretary also claims that issue preclusion bars "the FY 2007 rulemaking challenge of Plaintiffs here who participated in *Banner Health*." Def.'s 1st Reply at 7, ECF No. 68. The Hospitals raise three objections—two procedural and one substantive.

As a preliminary matter, the Hospitals argue that issue preclusion should be barred because "HHS has no explanation for delaying nearly ten months to raise this defense after it first became potentially available to assert in September 2015." Pls.' Surreply at 1, ECF No. 72. In general, the court "should freely give leave [to amend an answer] when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008) ("Motions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject to the same standard."). However, courts may restrict leave to amend in cases where granting it would cause undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the cases that the Hospitals rely upon for their undue-delay argument are inapposite here. The first, *Garnes-El v. District of Columbia*, denied leave to add claims that had been available for three years, after two previous amendments had been permitted. *See* 841 F. Supp. 2d 116, 120, 124 (D.D.C. 2012). In this case, there was at most a ten-month delay[15] and this is the Secretary's first motion to amend. The Hospitals' second case is no more helpful. In *Unique Industries, Inc. v. 965207 Alberta Ltd.*, the court concluded that granting leave to amend would be "unduly burdensome" because summary judgment briefing was complete, expert witnesses were deposed, and discovery was closed. 764 F. Supp. 2d 191, 208 (D.D.C. 2011) (citation omitted). Here, neither discovery nor experts are at issue and summary judgment briefing was

---

[15] The Court accepts Plaintiffs' ten month calculation *arguendo*, although final judgment was only entered in *Banner Health* on March 31, 2016 two months before defendant first raised the issue. *See Banner Health*, 10-cv-1638, ECF Nos. 163, 164.

not complete when leave was sought. Plaintiffs do not identify any specific examples of prejudice such as having to re-open discovery. Plaintiffs are concerned that allowing supplementation will harm their ability to provide effective summary judgment briefing, but such a concern is better addressed through the Hospitals' motion to file a combined surreply and surresponse on that briefing. *See generally* Pls.' Partially Unopposed Mot. Combined Surreply/Surresponse, ECF No. 75.

Second, the Hospitals argue that the Secretary forfeited the affirmative defense of issue preclusion by raising it only in her reply on her cross-motion for summary judgment. Pls.' Surreply at 5. The Hospitals argue that "the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993). Many affirmative defenses, including issue preclusion, may be raised even during trial, so long as they are properly asserted and not affirmatively waived. *See Long v. Howard Univ.*, 550 F.3d 21, 24 (D.C. Cir. 2008); Fed. R. Civ. P. 12(h)(2) (noting that affirmative defenses, other than those specified under the Rules, may be raised "at trial"). Although it is true that "the failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense," *see United Mine Workers of Am. 1974 Pension*, 984 F.2d at 478, that rule does not preclude the Secretary from adding issue preclusion to her answer here. *United Mine Workers* involved an affirmative defense that had not been raised at all in the pleadings, whereas here the Secretary raised issue preclusion in her reply and moves now to add it to her answer. Although ideally the defense should have been raised earlier, the relatively minor delay does not merit forfeiture of the defense. Furthermore, the scope of the *United Mine Workers* rule has been narrowed by the D.C. Circuit in subsequent opinions. *See, e.g., Long*, 550 F.3d at 24–25 (holding

that "[o]n the contrary, the defense can be raised at trial so long as it was properly asserted in the answer and not thereafter affirmatively waived" and distinguishing *United Mine Workers* because that defendant "apparently waived its defenses from the beginning, having never asserted them in any pleading or motion in the district court" (internal citation and quotation marks omitted)); *see also Daingerfield Island Protective Soc. v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994). Here, the Secretary seeks leave to add the affirmative defense of preclusion to her answer, and does so while still in the pleading stage. The Court thus does not find that the Hospitals have suffered sufficient prejudice to justify denying the Secretary leave to amend, or that the Secretary's delay was undue.[16]

Next the Court addresses the Hospitals' substantive objection. "[I]ssue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Canonsburg Gen. Hosp. v. Sebelius*, 989 F. Supp. 2d 8, 16 (D.D.C. 2013), *aff'd sub nom. Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295 (D.C. Cir. 2015) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Issue preclusion requires that "[f]irst, the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (citations and footnote omitted).

---

[16] Because the Court concludes that, even if the Secretary first raised issue preclusion in her reply, it is permissible, the Court does not reach the question of whether or not the Secretary's prior reference to "res judicata" encompasses issue preclusion as well as claim preclusion. *See* Pls.' Surreply at 6–7.

The Hospitals argue that issue preclusion is unavailable because it would "work a basic unfairness" to the Hospitals, who did not have the opportunity to present several data tables in *Banner Health*. Pls.' Surreply at 7–8. The Supreme Court has held, in the issue preclusion context, that "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation," *Montana v. United States*, 440 U.S. 147, 164 n.11 (1979), although there is not generally "any need to prove the quality of the first litigation and decision. The values of preclusion would be destroyed if proof of the quality of decision were required," Wright & Miller § 4423 p. 601–02 (2002).

The D.C. Circuit has recognized that unfairness may bar issue preclusion when evidence was wrongly excluded in the prior proceeding. The Hospitals cite the rule that when "the defendant, without fault of its own, [is] deprived of crucial evidence in the first litigation" there are "serious obstacle[s] to the plaintiffs' use of offensive estoppel." *Jack Faucett Associates, Inc. v. AT&T Co.*, 744 F.2d 118, 128–29 (D.C. Cir. 1984); *see also Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 333 (1971) (holding issue preclusion inappropriate when "without fault of his own the [party to be precluded] was deprived of crucial evidence or witnesses in the first litigation"). Here, however, the rule of *Jack Faucett* is inapplicable on at least five grounds.

First, this is not a clear case of excluded *evidence*, but a case of excluded *argument*. The *Banner Health* court rejected the tables because they were "essentially . . . a factual or background section of a memorandum." *Banner Health*, 126 F. Supp. 3d 28, 63–64 (D.D.C. 2015). The Hospitals cite no authority holding that a precluded party's failure to advance a particular argument in a prior proceeding can bar the application of issue preclusion.

Second, here the tables were not excluded "without fault" of the Hospitals. The *Banner Health* court rejected the tables because they "exceed[ed] the page limit" and "Plaintiffs should have requested leave to exceed the page limits . . . prior to the deadline for filing their briefs. Presenting this request simultaneous with the filing of those briefs is neither fair . . . nor conducive to the orderly administration of this action." *Id.*

Third, the exclusion of the tables did not determine the outcome in *Banner Health*, unlike in *Jack Faucett* where the excluded evidence "could . . . lead to a different conclusion in a new trial." *Jack Faucett*, 744 F.2d at 128. The *Banner Health* court stated that "[i]n any event, *even if* the Court were to consider [the Hospitals'] exhibit, [the Hospitals] cannot point to any significant and viable and obvious alternatives . . . ." *Banner Health*, 126 F. Supp. 3d at 104 (emphasis added) (internal quotation marks omitted).

Fourth, in *Jack Faucett* an appellate court had already held that the evidence was wrongly excluded. *See Jack Faucett*, 744 F.2d at 127 ("The Second Circuit held that this evidence was relevant and that the trial court had erred in excluding it." (citing *Litton Systems v. AT&T Co.*, 700 F.2d 785, 819 (2d Cir. 1983)). In this case, no such appellate court has so held.[17]

Fifth, *Jack Faucett* dealt with offensive estoppel ("a plaintiff . . . seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff") rather than the defensive estoppel at issue here. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979). Offensive claim preclusion is widely acknowledged to carry greater dangers. *See id.* at 331 ("[T]he preferable approach . . . is not to preclude the use of

---

[17] Although briefing is ongoing, it appears that Plaintiffs intend to challenge the exclusion of the evidence in their appeal of *Banner Health*. *See* Appellants' Statement of the Issues to Be Raised on Appeal ¶ H, *Banner Health v. Burwell*, No. 16-5129 (D.C. Cir.) ("[T]he District Court erred by denying Appellants' request to submit three additional tables and striking from the record exhibits 5, 7, and 8 to Appellants' Motion for Summary Judgment.").

offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied.").

The Court thus concludes that allowing the Secretary to supplement her answer and add the affirmative defense of issue preclusion as to the enumerated seventeen plaintiffs would not be futile, and thus grants leave to supplement.

### B. Leave to Assert the Preclusive Effect of *Lee Memorial*

The Secretary further seeks to supplement her answer to assert the preclusive effect of *Lee Memorial v. Sebelius. See generally* Def.'s 2d Mot. Suppl. She specifically argues that "[t]he recent entry of final judgment in favor of Defendant in [that case] gives rise . . . to the affirmative defense[s] . . . [of] both claim preclusion and issue preclusion . . . as to many Plaintiffs here, which were also plaintiffs in *Lee Memorial*, with respect to certain of their claims." *See id.* at 1. Plaintiffs advance the same arguments as they did with the Secretary's first motion. *See* Pls.' 2d Opp'n. For the same reasons that the Court finds application of preclusion with respect to *Banner Health*, it finds it with *Lee Memorial*.

### 1. Claim preclusion

The application of claim preclusion based on *Lee Memorial* involves the same arguments as claim preclusion based on *Banner Health*, and the Court accordingly reaches the same conclusion. The Secretary argues *Lee Memorial* should bar certain plaintiff-hospitals[18] from challenging the FY 2008 or FY 2011 FLTs.[19] The Hospitals again argue that each appealed

---

[18] *See supra* notes 7–9 for a list of the potentially precluded hospitals.

[19] The Secretary also argues that preclusion applies as to the 2003 amendments to the outlier payment regulations. Def.'s 2d Mot. Suppl. at 3, ECF No. 80. Parties dispute if those amendments are at issue here, and this opinion does not address the issue. *See generally* Pls.' Mot. File 5th Am. Compl. Move Summ. J. Out of Time, ECF No. 81; Def.'s Opp'n Pls.' Mot. File 5th Am. Compl. Move Summ. J. Out of Time, ECF No. 83.

reimbursement is a separate claim, and that there is thus "no overlap between the Hospital's claims in this case and the plaintiffs' claims in *Lee Memorial*." Pls.' 2d Opp'n at 4–5. *Compare* Pls.' 2d Opp'n at 3 ("None of the Hospitals in the present case has any claim overlap between *payments* at issue in *Lee Memorial* and payments here at issue." (emphasis added) (footnote omitted)), *with* Pls.' 2d Opp'n at 8–9 *and* Defs.' Mot. Ex. 4 at ¶ 6, ECF No. 80-4 (listing the four hospitals who challenged the FY 2008 FLT in both *Lee Memorial* and here, and the twenty-five hospitals who challenged the FY 2011 FLT in both *Lee Memorial* and here).

As discussed *supra* at Part IV. A.1, the Court concludes based on *NRDC v. EPA* that claim preclusion applies because each challenge to an underlying FLT constitutes a claim. It is thus not futile for the Secretary to argue that the hospitals that already pressed their cases against the FY 2008 or FY 2011 FLTs are now barred from a second bite at those apples. Likewise, the Hospitals again argue that claim preclusion should not apply because the claims here were "late-ripening" and could not have been brought in *Lee Memorial*. Pls.' 2d Opp'n at 6. The Court rejects these arguments for the reasons given above.

The Hospitals also argue that the Secretary has "waived" claim preclusion by successfully preventing the claims at issue here from either being considered related to *Lee Memorial* or consolidated with the same. Pls.' 2d Opp'n at 5–8. The Secretary opposed this case and *Lee Memorial* from being treated as related. Pls.' 2d Opp'n at 7–8; *see also* Def.'s Objection Rel. Case Designation, ECF No. 13. As discussed above, the Court does not find that the Secretary's opposition to related case status waives claim preclusion because the standard for a related case is legally distinct from the standard for claim preclusion. The Hospitals further argue that the Secretary waived claim preclusion by successfully opposing their attempt to consolidate the cases. Pls.' 2d Opp'n at 7–8; Def.'s Resp. Partial Opp'n Pls.' Mot. Am. the Compl., *Lee*

*Memorial Health System v. Burwell*, --- F. Supp. 3d ---, No. 13-cv-643, 2016 WL 4687072

(D.D.C. Sept. 7, 2016), ECF No. 46. However, the Secretary's arguments against consolidation

were primarily based on efficiency and a desire to avoid delay while the administrative record

was assembled, rather than any belief that the claims at issue were not similar. *See* Def.'s Resp.

Partial Opp'n Pls.' Mot. Am. the Compl. at 6, *Lee Memorial Health System v. Burwell*, --- F.

Supp. 3d ---, No. 13-cv-643, 2016 WL 4687072 (D.D.C. Sept. 7, 2016), ECF No. 46 ("Given the

delay that amendment to add challenges to the fiscal year 2007 and 2012 FLT rulemakings

would bring, the similarity of the legal claims . . . is not sufficient to warrant [consolidation].").

Furthermore, as set forth above, the Hospitals fail to cite any precedent in this circuit for the

proposition that a party waives claim preclusion by opposing the classification of a related case

or the consolidation of two cases. The Court thus finds that the Secretary's proposed affirmative

defense would not be futile and grants the Secretary leave to supplement.

### 2.  Issue Preclusion

The Secretary also seeks leave of Court to supplement her answer with the affirmative

defense of issue preclusion. *See generally* Def.'s 2d Mot. Suppl., ECF No. 80. The Hospitals do

not substantively object.[20] For that reason, leave to supplement the answer to assert the defense

of issue preclusion is granted.

### 3.  Leave to Move for Summary Judgment Out of Time

The Secretary further seeks leave to move for summary judgment out of time as to the

preclusive effect of *Lee Memorial*. Def.'s 2d Mot. Suppl. at 5. She argues that "good cause

exists" because "the defense was not available until after the deadline for summary judgment

---

[20] The Hospitals argue only to narrow the list of affected hospitals. The Court agrees with the Hospitals' position. *See supra* notes 7–9 and associated text.

motions under the Court's schedule," Def.'s 2d Mot. Suppl. at 5, which the Hospitals do not

contest. The Secretary further asserts that the Hospitals' eventual opposition to summary

judgment will cure any prejudice, and the Hospitals do not object. Def.'s 2d Mot. Suppl. at 5.

"[I]t is clear that the Court has inherent authority to modify pre-trial procedural deadlines

to serve the best interests of justice." *Gomez v. Trustees of Harvard Univ.*, 676 F. Supp. 13, 15

(D.D.C. 1987). Courts have the discretion to "permit late filing where no prejudice to plaintiff

results." *Id.* at 15–16.

Other than to argue that this Court should stay proceedings, as discussed below, the

Hospitals do not object to the Secretary's seeking of summary judgment out of time. *See

generally*, Pls.' 2d Opp'n. Thus, because the Hospitals will have an opportunity to respond and

the Secretary has established good cause, leave is granted to file for summary judgment out of

time on the preclusive effect of *Lee Memorial*.

### C. Stay

Finally, the Hospitals request that if the Secretary's preclusion arguments are permitted,

Pls.' 2d Opp'n at 9–11, ECF No. 82, this matter should be stayed pending the appeal in Banner

Health and a forthcoming appeal in Lee Memorial. The Secretary does not object. Def.'s Reply

Supp. Mot. Suppl. Answer 4th Am. Compl. Move Summ. J. Out of Time at 2 (Def.'s 2d Reply),

ECF No. 84 ("Defendant does not oppose a stay of any additional summary judgment briefing . .

. and the Court's summary judgment ruling until after the D.C. Circuit decision on the appeal in

*Banner Health* and any appeal in *Lee Memorial*."). As discussed below, because the Court finds

that a stay would serve the interests of judicial economy, this matter shall be stayed pending the

D.C. Circuit's decisions in the above referenced appeals.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Dellinger v. Mitchell*, 442 F.2d 782, 790 n.7 (D.C. Cir. 1971) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)); *see also Fairview Hosp. v. Leavitt*, No. CIV.A. 05-1065RWR, 2007 WL 1521233, at *1 (D.D.C. May 22, 2007) ("[T]he District Court has a broad discretion in granting or denying stays so as to coordinate the business of the court efficiently and sensibly." (quoting *McSurely v. McClellan*, 426 F.2d 664, 671 (D.C.Cir.1970)). In determining whether or not to stay a case, "[t]he court 'must weigh competing interests and maintain an even balance.'" *Fairview Hosp.*, 2007 WL 1521233, at *1 (quoting *Landis*, 299 U.S. at 254).

A stay may be warranted when, as here, a prior case which may have preclusive effect over the instant proceedings is pending on appeal. A pending appeal does not reduce the preclusive effect of a prior judgment. *See, e.g.*, *Martin v. Malhoyt*, 830 F.2d 237, 264 (D.C. Cir. 1987) (citing *Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C. Cir. 1983)). However, applying the preclusive effect of the first proceeding during the appeal may create difficulties if the first proceeding is overturned on appeal. *See id.* To ameliorate these risks, a court may "defer consideration of the preclusion question until the appellate proceedings addressed to the prior judgment are concluded." *Id.* (citing *In re Prof'l Air Traffic Controllers Org.*, 699 F.2d 539, 544 n.18 (D.C. Cir. 1983)); *see also Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 173 (D.D.C. 2011) ("A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." (citations omitted)); Wright and Miller § 4433 p. 93 (2003) ("[O]rdinarily it is better to avoid the res judicata question by dismissing the second action or staying trial and perhaps pretrial proceedings pending resolution of the appeal in

the first action."). For example, the district court in *Covington v. JP Morgan Chase* stayed the action sua sponte pending the D.C. Circuit's resolution of a related issue. *Covington v. JP Morgan Chase*, 62 F. Supp. 3d 47, 50 (D.D.C. 2014), *aff'd sub nom. Covington v. JPMorgan Chase & Co.*, No. 14-7132, 2016 WL 5349332 (D.C. Cir. Aug. 5, 2016). The Court also notes that a stay may serve the interests of efficiency by allowing the D.C. Circuit to provide guidance on issues affecting the disposition of this case. *See, e.g.*, *Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 174 (D.D.C. 2011).

"The Court must weigh competing interests" for and against a stay. *Fairview Hosp.*, 2007 WL 1521233, at *1 (quoting *Landis*, 299 U.S. at 254). Two considerations that may cut against a stay are if "the second action presents claims or issues that must be tried regardless of the outcome of the first action" or "there are cogent reasons to fear the effects of delay." Wright and Miller § 4433 p. 94 (2003). Here, neither party objects to a stay or provides reasons to "fear the effects of a delay." The considerations against a stay are thus limited. In this case, there are claims or issues that will remain even if the Court applies res judicata—this is the only case involving challenges to the FY 2012 FLT and some plaintiff-hospitals here did not challenge the applicable FLTs in *Banner Health* or *Lee Memorial*.[21] However, of the four FLTs at issue here, three were ruled upon in either *Banner Health* or *Lee Memorial*.[22] Because many of the

---

[21] *See supra* notes 5–7 for a list of the affected hospitals. Some plaintiffs-hospitals were not even participants in either *Banner Health* or *Lee Memorial*, such as Banner Mesa Medical Center and Cabell Huntington Hospital. *See* Def.'s 1st Reply at 8 n.3, ECF No. 68; Def.'s 2d Mot. Suppl. at 2 n.2, ECF No. 80.

[22] Here the Hospitals challenge the fixed loss thresholds of FY 2007, FY 2008, FY 2011, and FY 2012. *See generally* 4th Am. Compl., ECF No. 41; *see also, e.g.*, Pls.' Mot. File 5th Am. Compl. Move Summ. J. Out of Time at 2, ECF No. 81. *Banner Health* dealt with, *inter alia*, the FY 2007 fixed loss threshold. *Banner Health v. Burwell*, 126 F. Supp. 3d 28, 36 (D.D.C. 2015). *Lee Memorial* dealt with, *inter alia*, the FY 2008 and FY 2011 fixed loss threshold. *Lee*

applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency. The Court thus stays this action pending the resolution of the pending appeal *in Banner Health* at the D.C. Circuit, and the D.C. Circuit's opinion in *Lee Memorial*, if an appeal is taken.

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion to supplement her answer to the Fourth Amended Complaint (ECF No. 65) is **GRANTED**, Defendant's motion to supplement the Fourth Amended Complaint and move for summary judgment out of time (ECF No. 80) is **GRANTED**, and the case is **STAYED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: February 9, 2017                                                    RUDOLPH CONTRERAS
                                                                                    United States District Judge

---

*Memorial Health System v. Burwell*, --- F. Supp. 3d ---, No. 13-cv-643, 2016 WL 4687072, at *1 (D.D.C. Sept. 7, 2016).

The parties dispute whether the Hospitals' Fourth Amended Complaint also asserts a challenge to the 2003 amendment to the outlier payment regulations in general. *See generally* ECF No. 81, ECF No. 83. The Court has not yet resolved this dispute, but notes that the 2003 amendment was also at issue in both *Banner Health* and *Lee Memorial*. *Banner Health*, 126 F. Supp. 3d at 36; *Lee Memorial*, 2016 WL 4687072 at *1.