**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNIVERSITY OF COLORADO HEALTH AT MEMORIAL HOSPITAL, f/k/a MEMORIAL HOSPITAL OF COLORADO SPRINGS, et al., <br><br> Plaintiffs <br><br> v. <br><br> ALEX M. AZAR II, Secretary of Health and Human Services, <br><br> Defendant | Civil Action No. 14-cv-1220 (RC) |
| CHARLESTON AREA MEDICAL CENTER, et al., <br><br> Plaintiffs <br><br> v. <br><br> ALEX M. AZAR II, Secretary of Health and Human Services, <br><br> Defendant | Civil Action No. 15-cv-2031 (TNM) |
| RIVERVIEW MEDICAL CENTER, et al., <br><br> Plaintiffs <br><br> v. <br><br> ALEX M. AZAR II, Secretary of Health and Human Services, <br><br> Defendant | Civil Action No. 17-cv-81 (RJL) |

| | |
|---|---|
| WEST VIRGINIA UNIVERSITY HOSPITAL, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>ALEX M. AZAR II, Secretary of Health and Human Services, )<br>)<br>Defendant ) | Civil Action No. 17-cv-1573 (RJL) |
| GRADY MEMORIAL HOSPITAL, et al., )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>ALEX M. AZAR II, Secretary of Health and Human Services, )<br>)<br>Defendant ) | Civil Action No. 18-cv-1017 (RJL) |

## JOINT MOTION FOR CONSOLIDATION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and LCvR 40.5(d), the plaintiff hospitals and the defendant Secretary of Health and Human Services (the "Secretary") respectfully request that the Court consolidate the five above-captioned cases, for all purposes.

All five cases present claims challenging various Medicare "outlier" threshold rulemakings of the Secretary, and the resulting payments made to the plaintiff hospitals for certain periods between federal fiscal years 2006 and 2016. The cases present numerous common legal issues. All five cases also have substantially overlapping plaintiffs and the same defendant and involve the same plaintiffs' counsel.

Because the cases involve overlapping parties and many common questions of law, having the cases managed and heard by a single judge, rather than as five separate cases before three different judges, will promote efficiency and avoid potentially inconsistent results.

2

**FACTUAL AND PROCEDURAL BACKGROUND**

A.  **Rulemakings, Parties and Claims Common to the Proposed Consolidated Case**s

These cases concern Medicare "outlier" payments, which are supplemental payments made to hospitals to partly offset the cost of treating extraordinarily costly cases. Medicare outlier payments are determined based in part on a cutoff point called the "fixed loss threshold," which the Secretary sets in advance of each federal fiscal year.  "Under the Secretary's interpretation, [42 U.S.C. § 1395ww(d)(5)(A)(iv)] mandates that [the agency] must select outlier thresholds which, when tested against historical data, will likely produce aggregate outlier payments totaling between five and six percent of projected or estimated DRG-related payments." *County of Los Angeles v. Shalala*, 192 F.3d 1005, 1013 (D.C. Cir. 1999); *see Billings Clinic v. Azar*, 901 F.3d 301, 304–05, 306–07 (D.C. Cir. 2018).

Each plaintiff hospital in these five cases challenges Medicare outlier payments for certain periods between federal fiscal years 2006 and 2016, based on contentions that the fixed loss thresholds set for those periods were invalid. The particular fixed loss threshold determinations challenged in each of the five cases overlap across the cases, as indicated in the attached Table 1.*See* Mem. Op., *University of Colorado*, ECF 89, at 5-8; Amended Complaint, *Charleston*, ECF 8, at 9-14; Amended Complaint, *West Virginia*, ECF No. 10, at 7-10; Amended Complaint, *Riverview*, ECF 12, at 5-7; Complaint, *Grady*, ECF No. 1, at 34.

There is also considerable overlap among the hospital plaintiffs participating in each case, as indicated in the attached Table 2.. *Compare* Mem. Op., *University of Colorado*, ECF 89, at 5 *with* Amended Complaint, *Charleston*, ECF 8, at 9-14; Amended Complaint, *West Virginia*, ECF No. 10, at 7-10; Amended Complaint, *Riverview*, ECF 12, at 5-7; Complaint, *Grady*, ECF No. 1, at 10-18.  The Secretary is the defendant in all of the cases.

There is also significant overlap among the plaintiffs in the cases sought to be consolidated and the plaintiffs in two cases the D.C. Circuit has previously decided: *Banner Health v. Price*, 867 F.3d 1323 (D.C. Cir. 2017), and *Billings Clinic v. Azar*, 901 F.3d 301 (D.C. Cir. 2018). *See* Mem. Op., ECF 89, at 5-7.

Finally, the plaintiffs in all five cases are represented by the same counsel.

### B.  Procedural Posture of the Proposed Consolidated Cases

The five cases for which consolidation is sought were stayed for some time pending the issuance of the Court of Appeals decision in *Banner Health v. Price*, 867 F.3d 1323 (D.C. Cir. 2017) (per curiam), *cert. denied*, 138 S. Ct. 1318 (2018), which was issued August 18, 2017, and the mandate in *Billings Clinic v. Azar*, 901 F.3d 301 (D.C. Cir. 2018), which was issued October 25, 2018.  On November 8, 2018, the parties in each of the five cases filed a Joint Status Report and Proposal for Consolidated Proceedings.  *See* ECF 105.  Therein the parties stated that they "believe it is appropriate to consolidate, for all purposes, the four later-filed cases with the earliest filed case, *University of Colorado at Memorial Health v. Azar*, No. 14-cv-1220 (D.D.C.)."  *See id.* at 3.  The parties stated that on or before November 19, 2018, they would file a joint motion to consolidate the five cases and that "[o]n or before December 10, 2018, the plaintiffs in the five cases will identify for the Court and the defendant the specific matters in each case that they are willing to concede or otherwise unilaterally and voluntarily remove from the cases without further litigation." *Id.*

### ARGUMENT

This Court has explained:

> Pursuant to Rule 42(a), Fed. R. Civ. P., a district court has authority to order consolidation when actions involving "a common question of law or fact" are pending before the court. Fed. R. Civ. P. 42(a). Consolidation pursuant to Rule

4

> 42(a) is permissive and vests a purely discretionary power in the district court, which may consolidate related cases *sua sponte*.

*Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). This Court's Local Civil Rules provide that "Motions to consolidate cases assigned to different judges of this Court shall be heard and determined by the judge to whom the earlier-numbered case is assigned." LCivR 40.5(d). *University of Colorado* is the earliest-filed case for which consolidation is sought.

In exercising discretion on a motion to consolidate, "district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Id*. "Identity of parties is not a prerequisite." *Id.*

Courts may consolidate cases that are "based on the same administrative record and much of the same law." *Id.* at 287. *See, also, e.g., A Fisherman's Best, Inc. v. Mineta*, 2001 U.S. Dist. LEXIS 425 (D.D.C. Jan. 18, 2001) (consolidating where all three cases challenge the same rule, and rely upon the same administrative record); *Mylan Pharm. v. Henney*, 94 F. Supp. 2d 36 (D.D.C. 2000) (consolidating two cases where "the allegations in the complaints, the named defendants and the grounds for relief are similar…. [C]onsolidation is proper to any or all matters in issue which are common.").

In addition, the issue of whether two cases are related under Local Civil Rule 40.5 is distinct from the issue of whether the two cases may be consolidated. *See Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016); *see also* Fed. R. Civ. P. 42(a).

Here, the factors governing consolidation strongly favor consolidating these five cases. First, consolidation will vastly improve efficiency and avoid duplication of effort and potentially

5

inconsistent outcomes.  The five cases present numerous common issues of law: For example, the cases involve challenges to the fixed loss threshold determinations for some of the same federal fiscal years, and the validity of those particular determinations is a common issue of law between cases. In addition, the plaintiffs' challenges to the fixed loss threshold determinations for different fiscal years involve some legal issues that are common across the years, such as the applicable standard of review.[1]  A further common issue present in these cases is the extent to which matters in these cases are barred by claim preclusion, issue preclusion, or the law of the Circuit based on the prior litigation and court rulings in *Banner Health v. Price*, 867 F.3d 1323 (D.C. Cir. 2017) (per curiam), *cert. denied*, 138 S. Ct. 1318 (2018), and *Billings Clinic*. The five cases also involve overlapping plaintiffs and the same defendant and the same plaintiffs' counsel. Having a single judge manage and decide all five cases will be far more efficient than having three different judges handle them as five separate cases and will avoid duplication of effort and potentially inconsistent outcomes.

Differences in procedural posture between cases do not categorically preclude consolidation. *See, e.g.*, *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 16 (D.D.C. 2007).  More specifically, the parties agree that in these cases, which are to be decided based on review of administrative records, raising purely legal issues that do not require fact development in the form of discovery and trial, any differences in procedural posture that might be thought to

---

[1] As a further example of how common legal issues can recur across several years, the Secretary points to the discussion in *Billings Clinic v. Azar*, 901 F.3d 301 (D.C. Cir. 2018), regarding the plaintiffs' challenges to "the Department's failure to publish [a] 2003 draft rule" and "the Department's failure to account for the possibility of reconciliation claw-backs in setting the 2008, 2009, 2010, and 2011 thresholds, " and the Court's conclusion that those challenges were "foreclosed by circuit precedent" established in *Banner Health. Id.* at 312–13.  The Plaintiffs note, however, that *Billings Clinic* went on to consider the plaintiffs' claims in view of the applicable records for those years.  *See id.*

weigh against consolidation are outweighed by the factors that favor consolidation as discussed above.

In addition, consolidation should not cause any undue delay or prejudice.

Finally, the parties agree that consolidation of these cases should be for "all purposes." *See United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 216 (D.C. Cir. 2003) (discussing the significance of consolidation for "all purposes"); *cf. Hall ex rel. Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (noting that the Court did not intend to question the validity of consolidation for "all purposes").

Unless the Court directs otherwise, the parties intend to confer and propose further proceedings after two steps have been completed: (1) the Court has ruled on this motion for consolidation and (2) the plaintiffs have identified the specific matters, in each case, that they are willing to concede or otherwise unilaterally and voluntarily remove without further litigation. *See* Joint Status Report and Proposal for Consolidated Proceedings, ECF No. 105. The parties do not believe it is necessary for the Court to enter an order calling for such a proposal, but if the Court is inclined to enter an order, the parties request that the Court direct the parties as follows:

> (a) within 14 days of completion of the later of the two steps, the parties shall share with each other concrete proposals for further proceedings and

> (b) within 21 days of completion of the later of the two steps, the parties shall confer regarding their respective proposals and file joint or separate proposals for further proceedings.

**CONCLUSION**

Plaintiffs and the Secretary respectfully request that the Court order that these cases be consolidated for all purposes.

Date: November 19, 2018

_____
Stephen P. Nash
(D.C. Bar No. PA0037)
SQUIRE PATTON BOGGS (US) LLP
1801 California St., Ste 4900
Denver, CO 80202
(303) 894-6173
E-mail: stephen.nash@squirepb.com
Attorney for Plaintiffs

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

_____
JAMES C. LUH
PETER T. WECHSLER
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St NW
Washington DC 20530
Tel: (202) 514-4938
E-mail: James.Luh@usdoj.gov
Attorneys for Defendant