# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNIVERSITY OF COLORADO HEALTH AT MEMORIAL HOSPITAL, f/k/a/ MEMORIAL HOSPITAL OF COLORADO SPRINGS, *et al.*, | : : : : : | | |
| Plaintiffs, | : : | Civil Action No.: | 14-1220 (RC) |
| v. | : : | Re Document Nos.: | 212, 213, 214 |
| XAVIER BECERRA, Secretary of Health and Human Services, | : : : : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFFS' MOTION FOR RULE 54(B) CERTIFICATION

### I. INTRODUCTION

The Plaintiffs, who are a collection of hospitals, have filed a motion under Federal Rule of Civil Procedure 54(b) asking this Court to enter a final judgment as to its June 17, 2022 order granting partial summary judgment. *See* Mot. for Rule 54(b) Certification ("Rule 54(b) Mot."), ECF No. 212; *see also* Summ. J. Op., ECF No. 203. The Defendant, the Secretary of Health and Human Services ("HHS") opposes the motion. *See* Sec.'s Mem. of P. & A. in Opp'n to Pls.' Mot. for Entry of Final J. ("HHS Opp'n"), ECF No. 213. For the reasons stated below, the motion is DENIED.

## II.  BACKGROUND

These consolidated cases concern an array of challenges to HHS's 2007 to 2016 annual rulemaking for reimbursements to hospitals under Medicare.[1]  Summ. J. Op. at 7.  HHS provides hospitals with outlier payments to compensate for particularly costly cases, and the amount of those reimbursements depends on a number known as the "fixed loss threshold."  *Id.* at 2–4; *see also Billings Clinic v. Azar*, 901 F.3d 301, 304 (D.C. Cir. 2018).  HHS sets the fixed loss threshold for the coming federal fiscal year through an annual rulemaking process.  Summ. J. Op. at 2–3.  The Plaintiff hospitals contest their reimbursements for numerous reimbursement years spanning from 2007 to 2016, arguing the fixed loss threshold rules affecting their reimbursements are improper due to lack of notice and comment as well as arbitrary and capricious decision-making.  *Id.* at 2–12.

Federal fiscal years and hospital fiscal years do not necessarily align, meaning that when health care providers seek reimbursement for a hospital fiscal year through a Notice of Program Reimbursement, those reimbursements may concern two different fixed loss threshold rules.  *See* 42 U.S.C. § 1395h(a); 42 U.S.C. § 1395kk-1(a)(3)–(a)(4)(B); 42 C.F.R. § 413.20(b); 42 C.F.R. § 405.1803(a).  Hospitals can challenge a Notice of Program Reimbursement by appealing to the Provider Reimbursement Review Board ("PRRB"), a specialized administrative body.  42 U.S.C. § 1395oo(a).  Hospitals can seek judicial review of the PRRB's final decision.  *Id.* § 1395oo(f)(1).  The PRRB can also grant immediate expedited judicial review ("EJR") of a "question of law or regulations relevant to the matters in controversy" instead of issuing its own decision first.  *Id.*

---

[1] The Court assumes familiarity with the prior opinions in this matter and condenses this background section.  For a more detailed description of the fixed loss threshold and reimbursement procedures, the Court directs the reader to the summary judgment opinion.  *See* Summ. J. Op. at 2–7.

The many Plaintiff hospitals have claims against different sets of fixed loss threshold rule years, and many of these hospitals have also engaged in prior litigation. *See, e.g.*, *Banner Health v. Azar,* No. 10-cv-1638. They previously challenged the fixed loss threshold rules for federal fiscal years 1998 through 2006, ultimately ending in a stipulated dismissal. *See id.,* Order, June 18, 2020*,* ECF No. 189. Another challenge, targeting certain 2003 rulemaking actions and the fixed loss threshold rules for federal fiscal years 2008 through 2011 ended with the D.C. Circuit affirming the district court's grant of summary judgment for HHS on all claims. *See Billings Clinic*, 901 F.3d at 302–03.

This consolidated case, *Univ. of Colo. Health at Mem'l Hosp. v. Azar*, No. 14-cv-1220, comprises eight cases filed between July 2014 and March 2019. *See* Order at 1, Dec. 19, 2018, ECF No. 108; Order at 1, Feb. 15, 2019, ECF No. 112; Order at 2, April 1, 2019, ECF No. 131. Each Plaintiff hospital received a grant of expedited judicial review from the PRRB regarding the fixed loss threshold rules governing their cost reports. *See* Summ. J. Op. at 2–7.

The Court has decided dispositive motions in this case. *See, e.g.*, Mot. Dismiss Op., ECF No. 155. In March 2020, the Court dismissed certain claims as voluntarily abandoned and others as barred by claim preclusion. *See id.* at 14, 19. In that decision, the Court determined that a hospital's claim was measured by reference to whether a particular fixed loss threshold rule was invalid, not by reference to a given Notice of Program Reimbursement. *See id.* Later on in the litigation, the parties both moved for summary judgment on all remaining claims. *See* Pls.' Mot. for Summ. J., ECF No. 185; Sec.'s Cross Mot. for Summ. J., ECF No. 188. The Court granted summary judgment for HHS on most claims, except for the Plaintiffs making a notice and comment challenge to the federal fiscal year 2012 and 2013 rules. Summ. J. Op. at 1–2. The Court remanded the 2012 and 2013 rules to HHS for additional explanation or action. *Id.* at 75–

76. Because the 2012 and 2013 rules were remanded without vacatur, the Court did not enter final judgment on any of the claims, with the sole exception of the *Cabell Huntington* case that challenged the 2010 and 2011 rules.[2] *Id.* at 72–75.

Originally, HHS appealed seven of the eight consolidated cases to the D.C. Circuit.[3] *See* HHS's Notice of Appeal, ECF No. 207.  The Plaintiffs cross-appealed.  *See* Pls.' Notice of Appeal, ECF No. 209.  Meanwhile, the *Cabell Huntington* plaintiffs also filed a notice of appeal as to their claims against the 2010 and 2011 rules.  *See id.* at 2.  In October 2022, HHS filed a motion to voluntarily abandon its appeal, and moved to dismiss Plaintiffs' cross-appeals.  *See* Gov't's Mot. to Voluntarily Dismiss Appeal, USCA Case No. 22-5218, Dkt. No. 1967218.  The Plaintiffs requested a stay of the case in order to seek Rule 54(b) certification from this Court.  *See* Hosps.' Mot. for Temporary Stay, Dkt. No. 1968840.  The D.C. Circuit granted the request, and the case and HHS's dismissal motion have been stayed until the resolution of the present motion.  *See* Order, Dec. 5, 2022, Dkt. No. 1976139.

The Plaintiffs have moved under Rule 54(b) for the Court to enter a final judgment for all claims that do not concern the 2012 and 2013 rules.  *See* Rule 54(b) Mot.  Regardless of HHS's request to dismiss its appeal, the requested final judgment would allow Plaintiffs to appeal the Court's 2020 dismissals and much of the Court's June 2022 grant of summary judgment.  *Id.* at 5.  HHS opposes the motion.  *See* HHS Opp'n.

---

[2] The Court does not enter final judgment when a challenged rule is on remand without vacatur.  *See, e.g.*, *N.C. Fisheries Ass'n v. Gutierrez*, 550 F.3d 16, 19 (D.C. Cir. 2008); *see also Sierra Club v. U.S. Dep't of Agric.*, 716 F.3d 653, 656 (D.C. Cir. 2013).

[3] D.C. Circuit precedent contains a "limited exception permitting a government agency to appeal immediately [from a remand order.]" *Sierra Club,* 716 F.3d at 656-57 (quoting *N.C. Fisheries Ass'n,* F.3d 16 at 19–20).  When an agency appeals, the other parties may cross-appeal. *Cnty. of L.A. v. Shalala*, 192 F.3d 1005, 1012 (D.C. Cir. 1999).

### III.  LEGAL STANDARD

Normally, appellate review of district court decisions awaits a "final" decision resolving all claims of all parties.  *See Attias v. CareFirst, Inc.*, 969 F.3d 412, 416 (D.C. Cir. 2020) (citing 28 U.S.C. § 1291); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020).  Nonetheless, Rule 54(b) of the Federal Rules of Civil Procedure "offer[s] the chance for earlier appellate review of some claims in a multi-claim or multi-party action." *Attias*, 969 F.3d at 416 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 433–34 (1956)).  While Rule 54(b) "does not relax the finality required of each decision" under 28 U.S.C. § 1291, it "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." *Attias*, 969 F.3d at 416 (alteration in original).  Thus, Rule 54(b)'s exception permits courts to balance "the demonstrated need for flexibility in providing for appellate review in complex cases" with the goal of avoiding "piecemeal appellate review." *Blue v. D.C. Pub. Schs.*, 764 F.3d 11, 15–16 (D.C. Cir. 2014) (citation and internal quotation marks omitted).

A court may "direct entry of final judgment as to one or more, but fewer than all, claims or parties," Fed. R. Civ. P. 54(b), if three conditions are satisfied: "(1) the order must resolve a distinct 'claim for relief'; (2) the order must be 'final' with respect to that claim; and (3) the district court must permissibly determine that there is 'no just reason for delay' in entering judgment," *Attias*, 969 F.3d at 417 (citing *Bldg. Indus. Ass'n of Superior Cal. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998)).  The court must "weigh[ ] both 'justice to the litigants' and 'the interests of sound judicial administration'" when determining whether there is "no just reason for delay." *Brooks v. Dist. Hosp. Partners*, 606 F.3d 800, 806 (D.C. Cir. 2010).  The party seeking

entry of final judgment has the burden of showing the three conditions are met. *See MediNatura, Inc. v. Food & Drug Admin.*, No. 20-cv-2066, 2020 WL 8895634 at *4 (D.D.C. Dec. 15, 2020). Ultimately, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Apprio, Inc. v. Zaccari*, No. 18-cv-2180, 2021 WL 5799380, at *2 (D.D.C. Dec. 7, 2021) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

## IV.  ANALYSIS

This motion presents convoluted questions as to whether entry of final judgment is possible, and if it is, whether the Court should exercise its discretion to do so. To maintain consistency with its past decisions in this case and comporting with the best reading of the relevant statute, the Court rejects HHS's argument that entering final judgment is impermissible because Plaintiffs' claims went through the EJR process. Nevertheless, the claims for which they seek final judgment are indeed closely intertwined with those relating to the 2012 and 2013 rules, making certification possible only for a subset. Even still, that subset is uncertain and arbitrary, and the judicial economy interests advanced by Plaintiffs are weaker than asserted. The Court will thus deny the motion.

### A.  The EJR Process Does Not Foreclose Entry of Final Judgment.

HHS's main argument against Rule 54(b) certification is that because this litigation includes claims that originated from the same grant of EJR by the PRRB, the principle against claim-splitting forbids entry of final judgment. *See* HHS Opp'n at 3–7. This Circuit has no general test for determining when claims are distinct enough to allow entry of final judgment under Rule 54(b), but at a minimum, when "claims [are] so closely related that they would fall afoul of the rule against splitting claims if brought separately, they do not qualify as 'separate'

6

claims within the meaning of Rule 54(b)." *Tolson v. United States*, 732 F.2d 998, 1001 (D.C. Cir. 1984) (alteration in original) (citations omitted)); *see also Attias*, 969 F.3d at 417.

Claim-splitting occurs when a plaintiff "bring[s] two suits 'involving the same subject matter at the same time in the same court and against the same defendant.'" *Hudson v. Am. Fed'n of Gov't Emps.*, 308 F. Supp. 3d 388, 394 (D.D.C. 2018). To determine if a plaintiff is claim-splitting, "[t]he proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis." *Id.* (alteration in original) (quoting *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014)). Res judicata "bars further claims by parties . . . based on the same cause of action." *Id.* (alteration in original) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). And "[s]uits involve the same claim (or 'cause of action') when they 'aris[e] from the same transaction' or involve a 'common nucleus of operative facts.'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., In*c., 140 S. Ct. 1589, 1595 (2020) (alteration in original) (citations omitted). In other words, when claims arise from the same transaction or share a common nucleus of operative facts, they are not distinct enough for Rule 54(b) purposes.

To proceed, the Court looks backward. Earlier in this litigation, when rebutting HHS's argument that some of their claims were subject to preclusion, Plaintiffs argued that the claim at issue is a "claim to additional reimbursement under a given cost report, which under HHS regulations is based on the hospital's accounting year which is not always the same time period as the [federal fiscal year] rule." *See* Rule 54(b) Mot. at 3. HHS asserted that a claim relates to a challenge to a particular federal fiscal year threshold rule, regardless of whether that rule affects reimbursement for multiple cost reports. Mot. Dismiss Op. at 19. The Court sided with HHS, and dismissed several claims based on preclusion. *Id.*

The Court's prior ruling is important. As Plaintiffs now put it, "HHS posits an accordion-like concept of claims" where the nature of a claim adjusts depending on the procedural circumstance. Reply Supp. Rule 54(b) Mot. ("Reply") at 2, ECF No. 214. HHS is essentially reversing its prior position about the nature of the claim—that this Court has already endorsed—but attempts to obscure that shift by reference to the EJR process. As an initial matter, this maneuver raises estoppel concerns. *See New Hampshire v. Maine,* 532 U.S. 742, 750 (2001) (party estopped from deriving an unfair advantage from a new position that is "clearly inconsistent" with prior position that "succeeded in persuading a court"). What's more is that HHS's new stance lacks any support from the statute or caselaw.

The EJR process is not a transaction or a claim itself, but a way to speed up the review of already existing claims. When a hospital is unsatisfied with a final decision about Medicare reimbursements, "it may appeal the decision to the Provider Reimbursement Review Board." *Billings Clinic,* 901 F.3d at 311 (citing 42 U.S.C. §§ 1395kk-1, 1395oo(a)). While "[i]n the normal course, the Board would review the *claim*," *id.* (emphasis added), in situations where "the hospital's *claim* 'involves a question of law or regulations relevant to the matters in controversy [that the Board] is without authority to decide,' the hospital can ask the Board to allow it to go directly to district court," *id.* (alteration in original) (emphasis added) (quoting 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1842). The Board, if it agrees, will then certify the question for immediate judicial review. *Id.* This process, thus, serves to accelerate resolution of pre-existing claims. The Board is reviewing nothing other than a hospital's objection to its "total program reimbursement," 42 U.S.C. § 1395oo(a)(1)(A)(i), and so when it passes that review onward to a judicial body, it changes nothing about the substance of the claim. And as this Court has held,

8

while the reimbursements trigger the ability to seek review, the claim itself is against a given fixed loss threshold cost rule.  *See* Mot. Dismiss Op. at 19.

HHS does not identify any support for its argument that claims included in a single grant of EJR are thereafter joined in the same "transaction" and "nucleus of operative facts" for the purpose of claim-splitting, regardless of what originally gave rise to the claims.  *See* HHS Opp'n at 5.  The Plaintiffs aptly analogize consolidation into EJR to "joinder of claims or parties or consolidation of cases," Reply at 5, and note that such consolidation does not merge cases into a single claim.  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).  For example, a single EJR grant may include distinct challenges to different fixed loss threshold rules and for different reasons.  To be sure, HHS is correct that it would be strange for a hospital to obtain EJR only to bring those claims separately, but this Court does not find that approach to be categorically forbidden as claim-splitting.  And as the Plaintiffs note, given the sixty-day window to proceed from an EJR grant into court, it is generally unlikely that any hospital would follow that path.  *See* Reply at 3 n.1.  The Court therefore rejects HHS's argument that Rule 54(b) certification is always impermissible for claims that originate from the same grant of EJR.

### B.  Entry of Final Judgment Is Not Warranted Here.

The Court must still consider whether entering a final judgment is permissible under these circumstances, and whether it makes sense as a matter of sound judicial administration.  Looking beyond the EJR process, the Court finds the claims here remain so closely intertwined that it makes certification inappropriate.

A significant concern is that the nature of a claim itself will be put on appeal.  As discussed above, the Court has previously adjudicated the dispute over the definition of a claim.  The Plaintiffs continue to believe that the proper measure of a claim is the hospital cost report,

and they intend "to raise that argument on appeal." Reply at 2. That is a problem for any order that would enter a final judgment.

To be "final," the certified claims must be on "distinct claims for relief" from the unresolved and uncertified claims. *Attias*, 969 F.3d at 417. Because hospital cost reports and federal fiscal years do not neatly overlap, the Court cannot enter a final judgment for any fixed loss rule that would touch upon the same hospital cost report as the fiscal year 2012 or 2013 rules. Plaintiffs' position asks the Court to cleave off the 2012 and 2013 rules from the rest of the litigation so that it may ask the D.C. Circuit to alter the definition of a claim, which would then integrate these rules with rules for the surrounding years. This uncertainty is untenable for entering a final judgment, and the Court cannot grant the full certification that Plaintiffs seek.

Perhaps recognizing this problem, Plaintiffs ask in their Reply for the Court "to consider separately and additionally certifying only particular claims that are undisputedly complete regardless whether the claim is the rulemaking challenge (as the Court previously determined) or is the cost-report dispute (as the Hospitals have maintained)." Reply at 5–6. That proposal still has problems. For one, Plaintiffs do not seem to have a firm grasp on what claims meet the criteria. While they present "a list [of claims] that the Court could certainly certify as final under Rule 54(b)," this list is "not exhaustive." *See id*. at 6 & n.2. They add that "there are probably other hospital cost reports" that satisfy the same criteria. *Id.* The Court is wary of moving forward on such shaky grounds.

Indeed, as HHS identifies and Plaintiffs concede on Reply, the initial Rule 54(b) motion inaccurately claims that Floyd Hospital did not challenge payments connected to the 2013 fixed loss threshold rules. *See* HHS Opp'n at 7 n.1. Plaintiffs have only provided the smaller list for certification in their Reply, meaning that HHS did not receive an opportunity to spot inaccuracies

in the Plaintiffs' position, as it did previously.[4]  The Court wonders about other possible errors; for instance, the Reply deviates as to whether it is "Banner Heart Hospital" or "Baywood Heart Hospital" that has a claim regarding fiscal year 2007 that should be certified for appeal.[5]  *See* Reply at 6, 8.  The Court does not seek to penalize Plaintiffs for small mistakes in briefing, but it must emphasize that only "exceptional cases qualify[] for Rule 54(b) certification." *Bldg. Indus. Ass'n of Superior Cal.*, 161 F.3d at 743.  Accordingly, Plaintiffs should be confident and clear in their request, lest the Court inadvertently certify the wrong claim and fall short in its role as a "dispatcher" of Rule 54(b) certification to the Circuit. *See id.* (quoting *Sears, Roebuck & Co.*, 351 U.S. at 437).

The larger problem is that Plaintiffs have picked apart this consolidated case to generate a selective list of claims "that is sufficient to enable full appellate review, immediately, of all the issues other than those specific to the FY 2012 and 2013 rules." Reply at 6 n.2.  The Plaintiffs give no reason, other than allowing a speedier appellate review, for why these claims should be separated from others.  Differential treatment of similar claims is heavily frowned upon in the Rule 54(b) context. *Attias*, 969 F.3d at 418.  It is true, as Plaintiffs say when attempting to distinguish *Attias*, that "each hospital's claims arise from completely distinct cost reports, presented about different patient cases, and filed and resolved at different times." Reply at 8. Yet when any Plaintiffs have claims challenging the same loss threshold rules, those claims share the same underlying math based on the numbers in any particular year's rule.  This similarity is

---

[4] The fact that Plaintiffs raised their alternative certification request only on reply introduces waiver concerns. *Nippon Shinyaku Co., Ltd. v. Iancu*, 369 F. Supp. 3d 226, 239 n.8 (D.D.C. 2019) ("Arguments raised for the first time in a reply brief are waived.").

[5] To underscore the ambiguity, Plaintiffs in this case include both "Banner Heart Hospital" and "Banner Baywood Medical Center," both of which have claims regarding their payments for the fiscal year 2007.  *See* Am. Compl. ¶ 6, ECF No. 127.

illustrated by the admitted fungibility between claims for the purposes of Plaintiffs' requested certification. *See* Reply at 6 n.2.

To be sure, Plaintiffs have an understandable interest in allowing an appeal to move more quickly. The 2012 and 2013 rules are still on remand and may be followed by additional activity in this Court, further prolonging the time before any final judgment and appeal.[6] But that interest remains insufficient to meet the high standard for certification. Even assuming the Court can sufficiently identify a set of claims for which finality is not in question, Plaintiffs still have not shown "no just reason for delay." Fed. R. Civ. P. 54(b). The reason for delay is obvious: the claims they seek to certify are closely intertwined with claims that will not be certified. There are legal issues shared across every challenged fiscal year rule and many of the Plaintiffs bring essentially parallel claims. The Court sees little reason to select an arbitrary set of claims for entry of final judgment. That is especially so when the judicial administration interests are weaker than Plaintiffs assert.

In this situation, "[w]hich path forward best promotes judicial economy is a thorny question." *MediNatura, Inc.*, 2020 WL 8895634, at *3. As discussed above, there is one final judgment from these consolidated cases—the *Cabell Huntington* challenge to the 2010 and 2011 threshold rules—that has been appealed and is stayed pending the resolution of this motion.[7] The Plaintiffs observe that if final judgment is not entered, the D.C. Circuit may consider many

---

[6] Over a year has passed since the Court's remand, a fact that Plaintiffs may argue supports entering final judgment. But that timeframe also means that HHS has had considerable time to review the 2012 and 2013 rules on remand. While the timeline for resolution of those rules is uncertain, entering final judgment at this point may be jumping the gun. *See MediNatura, Inc.*, 2020 WL 8895634, at *3 (declining to enter final judgment because of impending agency action on challenged rule).

[7] The D.C. Circuit is waiting for the resolution of this motion to decide whether to grant HHS's voluntary dismissal of its appeal in the other cases. The Plaintiffs have filed an opposition to this motion but appear to assume it will be granted. *See* Rule 54(b) Mot. at 11.

12

of the same issues twice. That outcome is possible. The challenges to the 2010 and 2011 rules bear many similarities to the arguments against other threshold rules, and this Court has previously considered the 2010 and 2011 rules as part of a broader grouping of the 2008 to 2011 rules. Denying certification now means that the D.C. Circuit will have to assess the record and legal issues in *Cabell Huntington* only to later encounter the same issues in a broader appeal.

But avoiding this outcome does not avoid double appeals. If the Court granted certification of a partial list of claims, every claim left out from that order would be poised to one day return to the Circuit on appeal. So too would any claims relating to the 2012 and 2013 rules, and while the remand of those rules to the agency involves a discrete issue applicable to those years alone, an appeal would likely also raise issues that are common between the challenges to the 2012 and 2013 rules and other fixed loss threshold rules. It is inaccurate, then, for Plaintiffs to claim that their request neatly divides the broader legal issues from those that only affect the 2012 and 2013 rules. No matter what this Court does today, the D.C. Circuit may have repeat encounters with the same factual and legal circumstances surrounding the threshold rules. *See McLane v. Haaland*, No. 12-cv-1397, 2022 WL 782409, at *7 (D.D.C. Mar. 15, 2022) (noting that certification is inappropriate when a "claim may not be truly 'separable from the others remaining to be adjudicated,' and there is substantial risk that an 'appellate court would have to decide the same issues more than once,' should there be 'subsequent appeals.'") (quoting *Bldg. Indus. Ass'n of Superior Cal.,* 161 F.3d at 744).

In summary, Plaintiffs have not met their burden of showing this case is the type of extraordinary matter that warrants Rule 54(b) certification. Plaintiffs initially requested a certification that the Court cannot grant; their later, smaller request is unpersuasive as a matter of judicial administration. While the Court hopes for a speedy resolution to these sprawling claims,

Rule 54(b) certification will not attain that goal. *See MediNatura, Inc.*, 2020 WL 8895634, at *3. ("The Court understands Plaintiff[s]' desire to expedite this litigation—both before this Court and the D.C. Circuit. That goal, however, would not be furthered by prematurely entering final judgment[.]").

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Rule 54(b) Certification (ECF No. 212) is **DENIED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 4, 2023                                          RUDOLPH CONTRERAS
                                                                                     United States District Judge